UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN DALE DICKINSON, | CASE NO. C26-1995-KKE |
| Plaintiff(s), | ORDER GRANTING MOTION TO STAY INITIAL CASE DEADLINES |
| v. | |
| KDP, et al., | |
| Defendant(s). | |

On May 6, 2026, Plaintiff Alan Dale Dickinson filed a lawsuit in King County Superior Court. Dkt. No. 1-2. Two weeks later, he filed an amended complaint which asserts sixteen causes of action, including, among others, elder abuse, intentional infliction of physical abuse, negligent training and hiring, unfair business practices, defamation, slander, "AI (artificial intelligence) abuse", libel, and fraud. Dkt. No. 1-1 at 12-19. The underlying factual allegations relate to the allegedly improper termination of his Kindle Direct Publishing ("KDP") account and withholding of royalties from books he had published through the account. Dkt. No. 1-1 at 2–4, 11–12. On June 8, 2026, Defendants Amazon Digital Services LLC, Amazon.com Services LLC, and Amazon.com Inc. removed the case to this Court and one month later filed a motion to compel arbitration. Dkt. Nos. 1, 29. This matter is before the Court on Defendants' motion to stay initial case deadlines pending resolution of the motion to compel arbitration. Dkt. No. 20.

ORDER GRANTING MOTION TO STAY INITIAL CASE DEADLINES - 1

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Further, a "district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, a stay of case deadlines "to allow the arbitration [motion] to play out will not cause any damage, nor any hardship or inequity to either party, and will promote the orderly course of justice and preserve the parties' and the Court's resources." *Alaska Plumbing & Pipefitting Indus. Pension Fund v. Honeywell Int'l Inc.*, 2:25-CV-00253-LK, 2025 WL 2347941, at *3 (W.D. Wash. July 29, 2025). Indeed, "[i]t is sounder practice" to determine whether Dickinson's claims should be subject to arbitration "before forcing the parties to undergo the expense of discovery." *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). "Conversely, the parties may suffer damage if they are required to proceed in this forum if the matter is subject to mandatory arbitration." *Alaska Plumbing*, 2025 WL 2347941, at *3 (citing 29 U.S.C. § 1401(a)(1)).

Accordingly, the Court GRANTS Defendants' motion to stay initial case deadlines pending a ruling on the Defendants' motion to compel arbitration. Dkt. No. 20.

Dated this 13th day of July, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO STAY INITIAL CASE DEADLINES - 2