UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN DALE DICKINSON,<br><br>Plaintiff(s),<br>v.<br><br>KDP, et al.,<br><br>Defendant(s). | CASE NO. C26-1995-KKE<br><br>ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* BEFORE THE NINTH CIRCUIT COURT OF APPEALS |

This matter is before the Court on *pro se* Plaintiff Alan Dale Dickinson's request to proceed *in forma pauperis* ("IFP") before the Ninth Circuit Court of Appeals. Dkt. No. 46. On July 13, 2026, the Court granted Defendants' motion to stay discovery and Rule 26(f) deadlines until after the resolution of the pending motion to compel arbitration. Dkt. No. 42. Dickinson subsequently filed a notice of appeal of that order to the Ninth Circuit Court of Appeals. Dkt. No. 44.

28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "or appeal therein," "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit demonstrating their inability to pay such fees. Federal Rule of Appellate Procedure 24(a)(1) states that a party who desires IFP status on appeal must file a motion in the district court, along with an affidavit, that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Financial

means is not the only consideration, and if the Court finds the appeal to be frivolous, it may deny leave to proceed IFP. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

Dickinson's application fails to comply with these requirements, as he mistakenly submitted the general IFP AO 240 form rather than Form 4 and provides no statement of issues he intends to present on appeal. *See* Dkt. No. 46 at 4–8. Further, because Dickinson's appeal is frivolous and not taken in good faith, the Court declines to grant Dickinson the opportunity to cure these defects. *Hooker*, 302 F.3d at 1092 (a good faith appeal must seek review of at least one "non-frivolous" issue or claim). An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, Dickinson seeks review of a non-dispositive order staying initial case deadlines until the Court can rule on the pending motion to compel arbitration. *See* Dkt. No. 44. It is well-settled that a court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Against this legal backdrop, Dickinson's appeal is frivolous. Thus, the Court DENIES Dickinson's motion to proceed IFP before the Ninth Circuit. Dkt. No. 46. The Clerk is directed to notify Dickinson and the Ninth Circuit that the Court has denied Dickinson's motion to proceed IFP. *See* Fed. R. App. P. 24(a)(4).

Dated this 30th day of July, 2026.

Kymberly K Evanson

Kymberly K. Evanson
United States District Judge