UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN DALE DICKINSON,<br><br>Plaintiff(s),<br>v.<br><br>KDP, et al.,<br><br>Defendant(s). | CASE NO. C26-1995-KKE<br><br>ORDER DENYING MOTION FOR RECUSAL AND REFERRING REQUEST TO CHIEF JUDGE DAVID G. ESTUDILLO |

Plaintiff Alan Dale Dickinson has filed a "Respectful Request for a New Judge," (Dkt. No. 54), which the Court construes as a motion for recusal.

A federal judge should disqualify him or herself "in any proceedings in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Generally, the basis for disqualification must be "something other than rulings, opinions formed or statements made by the judgment during the course of trial." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008). Thus, "except in the 'rarest of circumstances,'" recusal under § 455(a) is limited to "extrajudicial source" factors requiring disqualification. *Id.* at 914 (quoting *Liteky v. United States*, 510 U.S. 540, 554–60 (1994)).

Similarly, adverse rulings alone do not constitute the necessary showing of bias or prejudice to support a motion for disqualification under 28 U.S.C. § 144. That statute provides that

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

To be "sufficient" for purposes of Section 144 disqualification, an affidavit must state facts that, if true, would fairly support an allegation of bias or prejudice stemming from an extrajudicial source. *See United States v. Azhocar*, 581 F.2d 735, 739–40 (1976) ("Adverse rulings do not constitute the requisite bias or prejudice of § 144.").

Plaintiff's recusal motion has not identified any extrajudicial source factor supporting recusal. Plaintiff is understandably unsatisfied with the Court's rulings, but those rulings do not suggest that the Court cannot be impartial, or is biased or prejudiced against Plaintiff. The Court thus DECLINES to voluntarily recuse from participation in this case, and REFERS Plaintiff's motion (Dkt. No. 54) to Chief Judge David Estudillo for further review, consistent with the local rules of this district. *See* Local Rules W.D. Wash. LCR 3(f).

Dated this 31st day of July, 2026.

Kymberly K. Evanson
United States District Judge