UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN DALE DICKINSON,<br><br>Plaintiff(s),<br>v.<br><br>KDP, et al.,<br><br>Defendant(s). | CASE NO. C26-1995-KKE<br><br>ORDER GRANTING MOTION TO COMPEL ARBITRATION |

Plaintiff Alan Dickinson is the author of several books that he self-published using Amazon.com Services LLC's ("Amazon") Kindle Direct Publishing ("KDP") program. Dickinson, proceeding pro se, filed this action alleging that Amazon deprived him of the benefits of his contractual relationship by terminating his KDP account and retaining royalties from his books, thereby infringing his copyrights and causing him harm. But when Dickinson created a KDP account, and again each time he published a book via the KDP program, he assented to an Agreement whose terms and conditions address, among other things, royalties, licensing, and distribution rights, and require him to arbitrate any claims related to the KDP program according to the American Arbitration Association's ("AAA") rules. *See* Dkt. No. 30-3 at 7. Those rules delegate any questions about the scope of an arbitration clause or the arbitrability of a claim to the arbitrator. Thus, Amazon moves to compel arbitration of Dickinson's claims. Dkt. No 29.

Dickinson has filed many briefs, motions, and notices, in response to Amazon's motion, in which he challenges the validity of the KDP Agreement and the arbitrability of his claims. *See* Dkt. Nos. 31, 32, 33, 34, 35, 37, 38, 39, 40, 41, 43, 49, 50, 51, 52, 55, 75. For the reasons stated below, the Court concludes that the KDP Agreement is a valid agreement and that this Court is not

the proper forum to resolve disputes over the arbitrability or the merits of Dickinson's claims. Accordingly, the Court will grant Amazon's motion and stay this litigation pending arbitration.

## I. BACKGROUND

Dickinson created a KDP account on March 16, 2012, which required him to accept the KDP Agreement. Dkt. No. 30 ¶¶ 3–5. This KDP Agreement included a provision stating that "Changes to terms of this Agreement … will be effective on the date we post them … You are responsible for checking for updates and your continued use of the Program after we post changes will constitute your acceptance of the changes." Dkt. No. 30-1 at 3. The KDP Agreement was updated on September 27, 2024. Dkt. No. 29 at 8–9. Dickinson accepted this updated version of the KDP Agreement on January 23, 2026, and again on April 5, 2026, when he published books through the KDP service. Dkt. No. 30 ¶¶ 5–8; *see id.* ¶ 5 ("Each time a KDP author publishes a new book on KDP, whether hardcover, paperback or eBook, the author is presented with a 'Terms & Conditions' page, which requires the author to agree to and confirm compliance with the Agreement."). Dickinson's account was suspended on April 23, 2026 for failure to comply with Amazon's content policies, and was subsequently deleted at Dickinson's request on April 24, 2026. *Id.* ¶ 7.

The September 2024 version of the KDP Agreement defines "the terms and conditions" of Dickinson's "participation in the KDP self-publication and distribution program[,]" specifically addressing, among other topics, royalties and payments, as well as the distribution rights retained by Amazon. Dkt. No. 30-3 at 2–9. It further provides that "[a]ny dispute or claim relating in any way to this Agreement or KDP will be resolved by binding arbitration, rather than in court[.]" *Id.* at 7. The KDP Agreement also states that the Federal Arbitration Act ("FAA") governs and that arbitration must be "conducted by the American Arbitration Association (AAA) under its Commercial Arbitration Rules." *Id.* The AAA's rules provide that threshold arbitrability issues

and arguments as to the scope and enforceability of arbitration agreements are delegated to the arbitrator. *See* Dkt. No. 29 at 14.

Dickinson's claims arise out of the termination of his KDP account and the alleged consequences of that termination. He alleges that Amazon infringed his copyrights and unlawfully retained royalties owed to Dickinson on books he published via the KDP program. *See* Dkt. No. 1-2 at 2–20. On June 26, 2026, Amazon[1] moved to stay discovery and Rule 26(f) deadlines, noting that it planned to file a forthcoming motion to compel arbitration which would stay all proceedings in the case if granted. Dkt. No. 20. Amazon moved to compel arbitration on July 8, 2026. Dkt. No. 29. On July 13, 2026, the Court granted the motion to stay pending a ruling on the motion to compel. Dkt. No. 42.[2]

On August 25, 2026, Amazon filed notice that Dickinson had filed an arbitration demand with the AAA concerning this dispute and initiated arbitration proceedings. *See* Dkt. No. 74; *see id.* at 4 (letter from the AAA dated August 24, 2026). According to Amazon, "Plaintiff's submission of this dispute to arbitration with the AAA further confirms that the Court should grant Amazon's pending Motion to Compel Arbitration." *Id.* at 1. The next day, Dickinson filed an opposition, contending that he had "cancel[led] his prior request from AAA Arbitration Company." Dkt. No. 75.

---

[1] According to Amazon, Amazon.com Services LLC is the proper Defendant here. Dkt. No. 29 at 6 n.1. Dickinson's complaint lists Amazon.com Inc. and Amazon Digital Services LLC. Dkt. No. 1-2. In a subsequent filing, Dickinson states that "Amazon.com Services LLC and Amazon Digital Services LLC are wholly owned indirect subsidiaries of the parent company, Amazon.com, Inc." and that the subsidiaries of Amazon.com, Inc. were listed in his complaint as DOES 1-20. Dkt. No. 31 at 13. In any event, Amazon.com Inc. has standing to enforce the arbitration clause of the KDP Agreements. *See Goggins v. Amazon.com Inc.*, No. 2:24-cv-00257, 2025 WL 2782872, at *9 (W.D. Wash. Sep. 30, 2025).

[2] Dickinson appealed the Court's order granting Amazon's motion to stay. Dkt. No. 44. On September 17, 2026, the Ninth Circuit dismissed the appeal, noting that it lacked jurisdiction over the appeal because the order granting the motion to stay was not final or immediately appealable. Order, *Dickinson v. Amazon*, No. 26-4521 (9th Cir. Sept. 17, 2026), Dkt. No. 39.1 (citing 28 U.S.C. § 1291); *see also* Dkt. No. 83.

# II. ANALYSIS

## A. Legal Standards

Written agreements subject to the FAA, such as the KDP Agreement, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. The "'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).

The court must compel arbitration if (1) a valid and enforceable agreement to arbitrate exists, and if so, (2) the claims at issue fall within the scope of that agreement. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Courts apply state contract law formation principles to determine the validity of an arbitration agreement. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "When parties clearly and unmistakably agree to delegate arbitrability questions to an arbitrator through a delegation clause, courts must honor that agreement." *Goggins*, 2025 WL 2782872, at *4. "The party seeking to avoid arbitration has the burden to show that the arbitration clause is unenforceable." *Gandee v. LDL Freedom Enters., Inc.*, 293 P.3d 1197, 1199 (Wash. 2013).

## B. The KDP Agreement is a Valid, Enforceable Contract, Including the Arbitration Clause.

Amazon asks the Court to compel the parties to arbitrate Dickinson's claims based on the arbitration clause of the updated KDP Agreement. Dkt. No. 29. Dickinson's opposition argues that the KDP Agreement is invalid because neither party signed it, it is unconscionable, and Amazon waived its right to arbitrate. Dkt. Nos. 31, 32, 35.

Dickinson first argues that the KDP Agreement is invalid because "neither the plaintiff nor the defendant signed the said agreement" and that he does not recall signing an agreement. Dkt. No. 31 at 4, Dkt. No. 32 at 10. As noted earlier, however, Amazon has demonstrated that Dickinson assented to the updated KDP Agreement on January 23, 2026, and April 5, 2026, when he published books through the KDP service. Dkt. No. 30 ¶¶ 5–8; *see also* Dkt. No. 30-3 at 7. Dickinson's acceptance of these terms unmistakably points to the existence of valid agreements between the parties. *See Peters v. Amazon Services LLC*, 2 F. Supp. 3d 1165, 1170 (W.D. Wash. 2013) (finding the existence of a valid contract between plaintiffs and Amazon where plaintiffs were required to assent to an agreement in order to create an account); *Kelly v. Amazon.com, Inc.*, No. 3:22-CV-00821, 2022 WL 17584234, at *5 (M.D. Pa. Dec. 12, 2022) (rejecting plaintiff's argument that KDP Agreement "was never to shown to him" given evidence that plaintiff had affirmatively assented to terms of agreement on numerous occasions); *Hauenstein v. Softwrap Ltd.*, 2007 WL 2404624, at *2–3, 6 (W.D. Wash. Aug. 17, 2007) (enforcing arbitration agreement because plaintiff "manifested his assent to the License Agreement by 'clicking' the appropriate box"). Dickinson's inability to recall agreeing to these terms does not overcome the evidence of assent. *See Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1197 (W.D. Wash. 2024). "The proponent of a contract need only prove the existence of the contract and the other party's objective manifestation of intent to be bound thereby; the unexpressed subjective intent of either party is irrelevant." *Retail Clerks Health & Welfare Tr. Funds v. Shopland Supermarket, Inc.*, 640 P.2d 1051, 1054 (Wash. 1982).

Dickinson also argues that the KDP Agreement is unconscionable, claiming that the Agreement is "one-sided," "uses standard boiler plate … language," and is a contract of "adhesion." Dkt. No. 31 at 5. The Court finds these conclusory allegations insufficient to support a finding of unconscionability under Washington law. *See, e.g.*, *Wiseley v. Amazon.com, Inc.*, 709

Fed. App'x. 862, 863–64 (9th Cir. 2017) ("While the [terms] are adhesive in nature, adhesion is insufficient to support a finding of procedural unconscionability under Washington law" (citing *Zuver v. Airtouch Commc'ns, Inc.*, 103 P.3d 753, 760 (Wash. 2004) (en banc))); *see also id.* at 864 (finding no unconscionability based on presentation of arbitration terms or incorporation of AAA rules). "Under Washington law, a provision that 'gives [one party] alone the option of requiring arbitration' is not substantively unconscionable." *Id.* at 865 (citing *Satomi Owners Ass'n v. Satomi, LLC*, 225 P.3d 213, 232 (Wash. 2009) (en banc)); *see also Ekin v. Amazon Servs., LLC*, 84 F. Supp. 3d 1172, 1175–78 (W.D. Wash. 2014) (rejecting claim that Amazon agreement of adhesion was unconscionable or illusory).

Dickinson also makes a cursory argument that Amazon has waived its right to arbitrate by removing this action from state court to federal court. Dkt. No. 31 at 5–6. This argument fails where courts have "consistently rejected the argument that a party waived the right to compel arbitration by removing a case to federal court." *Saeedy*, 757 F. Supp. 3d at 1187; *see also Kelly*, 2022 WL 17584234, at *5 ("[T]he mere removal of a lawsuit from state court to federal court simply does not waive a contractual right to arbitration.").

Finally, Plaintiff raises various arguments as to why his claims do not arise under the KDP agreement. *See* Dkt. No. 31 at 6–11. But the KDP Agreement states that the arbitration will be "conducted by the American Arbitration Association (AAA) under its Commercial Arbitration Rules" (Dkt. No. 30-3 at 7), which in turn provide that threshold arbitrability issues and arguments as to the scope and enforceability of arbitration agreements are delegated to the arbitrator. *See* Dkt. No. 29 at 14 (citing Commercial Arbitration Rule R-7(a)). This Court has found the incorporation of the AAA Rules in the KDP Agreement to be "clear and unmistakable" evidence that the parties agreed to arbitrate arbitrability, and the Court is aware of no reason to depart from this reasoning here. *See Goggins*, 2025 WL 2782872, at *9. Likewise, Dickinson's arguments as

to the merits of his claims against Amazon are premature. Dickinson will have the opportunity to raise with the arbitrator the arguments contained in his motions and briefs, but the Court will not resolve them at this time.

Because Dickinson has not met his burden to show that the KDP Agreement containing the arbitration clause is invalid, and because he opposes arbitration for reasons that must be resolved by the arbitrator, the Court will grant Amazon's motion to compel arbitration. *See, e.g.*, *Fullybright v. Amazon.com Inc.*, 2026 WL 265766, at *3 (W.D. Wash. 2026) (compelling arbitration over KDP Agreement dispute); *Joseph v. Amazon.com Inc.*, No. 23-cv-05176-PCP, 2024 WL 3012499, at *4 (N.D. Cal. June 14, 2024) (granting Amazon's motion to compel, enforcing the arbitration clause of the KDP Agreement); *Goggins*, 2025 WL 2782872, at *9 (same); *Morningstar v. Amazon.com*, No. 3:23-CV-285-TSL-RPM, 2023 WL 4380047, at *3 (S.D. Miss. June 16, 2023) (same).

**C. This Entire Action Shall be Stayed Pending Arbitration.**

The Supreme Court recently held that, where a party "has requested a stay of the court proceeding pending arbitration," and the reviewing court finds that the dispute is subject to arbitration, the court "does not have discretion to dismiss the suit." *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024). Rather, "the FAA compels the court to stay the proceeding." *Id.* at 478. Amazon argues that the case can be dismissed rather than stayed where neither Amazon nor Dickinson has requested a stay and because all claims are subject to arbitration. Dkt. No. 47 at 6 ("Because Dickinson has not requested a stay in any of his opposition filings, the Court can and should dismiss this case after compelling it to arbitration."). Even assuming the Court has discretion to dismiss the suit as Amazon contends, the Court finds that a stay of the entire action is more appropriate where there appear to be disputes as to the arbitrability of certain aspects of the case. The Court will therefore issue such a stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254

(1935) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Fullybright*, 2026 WL 265766, at *3 (staying entire case pending arbitration over KDP Agreement dispute).

Though this matter will be stayed, the Court will nonetheless briefly address Dickinson's other pending motions. Dkt. Nos. 63, 81. First, Dickinson filed a motion entitled "motion for judicial notice and request for pending rulings." Dkt. No. 63. Though the relief sought is not entirely clear, the Court construes the reference to judicial notice as a request pursuant to Federal Rule of Civil Procedure 201. "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). Dickinson fails to identify which adjudicative facts he wishes the Court to take judicial notice of or how they are relevant to the case, and the motion is therefore denied. To the extent this motion seeks adjudication of pending requests, it is denied as moot, in light of this order. Finally, to the extent this motion seeks recusal of the undersigned, the Court has addressed this request in a separate order. *See* Dkt. No. 82. Accordingly, the Court DENIES this motion. Dkt. No. 63.

The Court also denies Dickinson's pending motion to waive appeal fees. Dkt. No 81. Dickinson appears to be seeking a full or partial refund of the fees associated with one of his appeals of this Court's orders after he voluntarily dismissed that appeal. *Id.* at 1; *see* Dkt. No. 80 at 3 (Dickinson's voluntary dismissal of appeal in Case No. 26-5294). But litigants are not entitled to a refund of filing fees, even where they voluntarily dismiss their appeal. *See, e.g.*, *Starkgraf v. Lyons*, No. C23-5497TMC-GJL, 2024 WL 1722848, at *3 (W.D. Wash. Apr. 5, 2024) (denying motion for refund of appellate filing fees following plaintiff's voluntary dismissal, noting that "[t]he decision to file and prosecute a case is made solely by the plaintiff"); *Zayas v. Summit*

*Classical Christian Sch.*, No. C23-1368JLR, 2024 WL 1998419, at *1 (W.D. Wash. May 6, 2024) (same, explaining that "litigants are not entitled to a refund of filing fees based on a change of heart"); *Killian v. Panetta*, No. 12-cv-828 JLS (DHB), 2013 WL 4118399, at *3 (S.D. Cal. Aug. 13, 2013) ("Plaintiff has not cited, and the Court has not found, any authority permitting, let alone requiring, the Court to refund the [appellate] filing fee[.]"). Accordingly, Dickinson's motion to waive or refund appeal fees (Dkt. No. 81) is DENIED.[3]

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Amazon's motion to compel arbitration. Dkt. No. 29. Dickinson's motions for judicial notice and to waive/refund appeal fees are DENIED. Dkt. Nos. 63, 81.

This matter is STAYED pending arbitration, and the parties are ORDERED to notify the Court within 14 days of the issuance of the arbitrator's decision. If arbitration has not concluded by March 22, 2027, the parties shall file an update on the status of arbitration no later than this date.

Dated this 22nd day of September, 2026.

Kymberly K. Evanson
United States District Judge

[3] The Court also denies Dickinson's multiple notices to remove this case to the Ninth Circuit Court of Appeals. *See* Dkt. Nos. 65–67. The Court does not have the authority to remove cases to the Ninth Circuit.