UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN DALE DICKINSON,<br><br>Plaintiff,<br>v.<br><br>KDP et al.,<br><br>Defendants. | CASE NO. 2:26-cv-01995-KKE<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 82) |

This matter comes before the Court on the Honorable Judge Kymberly K. Evanson's denial (Dkt. No. 82) of Plaintiff's second motion for her recusal (Dkt. No. 64).[1] Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they

[1] It appears that Plaintiff intended to withdraw his motion to recuse Judge Evanson (Dkt. No. 80) and to later dismiss his case (*See* Dkt. Nos. 85, 86, 88, 89). Because an Order denying the motion for recusal was issued and referred to this Court (Dkt. No. 82), followed by an Order granting the Defendants' motion to compel arbitration (Dkt. No. 84), we review the motion for recusal.

"will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Evanson's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, Case No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal citation omitted). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991).

Plaintiff takes issue with several of Judge Evanson's rulings and actions, including: granting Amazon's motion to stay discovery (Dkt. No. 42); denying Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 48); indicating an intention to grant Amazon's motion to compel arbitration; declining to rule on Plaintiff's opposition to Amazon's notice of removal (Dkt. No. 13); and declining to voluntarily recuse herself (Dkt. Nos. 57, 82). (Dkt. No. 64 at 7.) Plaintiff also claims there have been multiple recusal requests filed by other plaintiffs in unrelated cases and alleges Judge Evanson consistently rules in favor of large organizations while denying motions brought by "small" plaintiffs. (*Id.* at 5, 7.)

Ultimately, disagreement with the conclusions set forth in Judge Evanson's orders are insufficient to support recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)

("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias."). Plaintiff disagrees with many of Judge Evanson's rulings, however that alone is not sufficient to put into doubt Judge Evanson's impartiality.

Accordingly, the Court AFFIRMS Judge Evanson's denial (Dkt. No. 82) of Plaintiff's second motion for her recusal (Dkt. No. 64).

Dated this 30th day of September, 2026.

David G. Estudillo
United States District Judge